UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ELISHA RIGGLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-00380-WTL-MJD |
| | ) | |
| JEFF KRUEGER USP Terre Haute Warden, | ) | |
| MATTHEW TUSSEY L.T., | ) | |
| ANY AND ALL JOHN OR JANE DOES | ) | |
| INVOLVED, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Further Proceedings**

The plaintiff is a prisoner currently incarcerated at Lewisburg U.S. Penitentiary. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III. The Complaint

The complaint alleges that, while plaintiff Mr. Riggleman was incarcerated at Terre Haute Penitentiary, Matthew Tussey assaulted him while he was restrained. Mr. Riggleman was taken to the hospital and treated for several injuries including a cut above his eye and a broken ankle. These allegations are sufficient to raise an Eighth Amendment excessive force claim against Matthew Tussey.

Mr. Riggleman seeks an injunction ordering a security camera to be placed in the area where he was assaulted, his good time credit to be restored, Matthew Tussey to be disciplined, and requiring that inmates be given twenty minutes to eat their meals as the facility policy requires.

### IV. Discussion of Claims

First, these allegations implicate Mr. Riggleman's Eighth Amendment rights. The Eighth Amendment ban on cruel and unusual punishment prohibits the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The use of excessive force can support a viable claim under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). To determine whether a viable excessive force claim is presented here, the "core judicial inquiry" is whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010) (*citing Hudson*, 503 U.S. at 7) (internal quotation marks omitted). The foregoing allegations reveal that the force applied was maliciously or sadistically done to cause harm. Therefore, Mr. Riggleman's excessive force claim against Matthew Tussey **shall proceed**.

Second, claims against all unknown John Doe defendants are **dismissed** for failure to state a claim upon which relief can be granted because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060

(7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, Mr. Riggleman is able to learn the name of the unknown defendants, he may seek leave to add a claim against them.

Third, the claim against the warden of Terre Haute U.S. Penitentiary is **dismissed** for failure to state a claim upon which relief can be granted because the complaint contains no factual allegations against the warden, let alone allegations that he was personally involved in the alleged assault. "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted).

Finally, the Court notes that some of the injunctive relief requested in this action is not available. Claims for the restoration of earned credit time must be brought as a habeas petition, not as a § 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007).

The plaintiff's Eighth Amendment excessive force claim against Matthew Tussey shall proceed. This claim is the only plausible claim identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through December 7, 2017,** in which to identify those claims.

## V. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep

the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### VI. Service of Process

The clerk is **designated**, pursuant to *Fed. R. Civ. P.* 4(c), to issue process to Matthew Tussey and the United States of America. The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint (docket 1) and a copy of this Entry, on the defendant and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

The clerk is **directed** to update the docket to reflect that Jeff Krueger, USP Terre Haute Warden, and any and all John or Jane Does involved are no longer defendants in this action.

**IT IS SO ORDERED.**

Date: 11/3/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ELISHA RIGGLEMAN
07411-088
LEWISBURG U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
LEWISBURG, PA 17837

U.S. MARSHALS SERVICE
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204