UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ELISHA RIGGLEMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   No. 2:17-cv-00380-WTL-MJD ) |
| MATTHEW TUSSEY L.T., | ) ) |
| Defendant. | ) ) |

**Entry Granting Motion for Leave to File
Amended Complaint and Directing Service of Process**

The plaintiff's motion for leave to file amended complaint, Dkt. No. 43, **is granted**. The **clerk is directed** to docket the proposed complaint, Dkt. No. 43-1, as the amended complaint in this action.

The plaintiff's motion to correct and to clarify, Dkt. No. 44, is **denied** as moot. The relief sought by the plaintiff in his motion to correct is the same as the relief sought in his amended complaint.

The plaintiff is a prisoner currently incarcerated at the Lewisburg Penitentiary. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff amended his complaint to add six defendants who he alleges either participated in or stood by and watched as defendant Tussey assaulted him. His allegations are sufficient to support claims of excessive force and/or failure to protect against Senior Officers C. Zipperle, A. Wible, D. Porter, N. Martin, A. Schoeffel, and Lt. R. Mosley.  Accordingly, the plaintiff's excessive force claim, screened in this Court's Entry of November 3, 2017, shall proceed against all seven defendants. The plaintiff's alternative failure to protect claim shall proceed against all defendants except Matthew Tussey.

The clerk is **designated**, pursuant to *Fed. R. Civ. P.* 4(c), to issue process to C. Zipperle, A. Wible, D. Porter, N. Martin, A. Schoeffel, and Lt. R. Mosley. The Marshal for this District or his Deputy shall serve the summons, together with a copy of the amended complaint and a copy of this Entry, on the defendant and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

**IT IS SO ORDERED.**

Date: 1/17/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ELISHA RIGGLEMAN
07411-088
LEWISBURG U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
LEWISBURG, PA 17837

United States Marshal, 46 East Ohio Street, 179 U.S. Courthouse, Indianapolis, IN 46204

All Electronically Registered Counsel