# AMENDED Complaint

IN the southern district court of U.S. court at Terre Haute.

Elisha Riggleman
V.
Matthew Tussey

Case # 2:17-CV-00380-WTL-MJD

Judge advised I had until 01/04/18 to get this filed see order 12/06/17

## civil rights complaint

### A. Parties

(1.) I, Elisha Riggleman, am a citizen of W.VA and I was residing at the USP Terre Haute P.O. Box-33 Terre Haute IN 47807 when this matter happened on 12/26/16

(2.) Defendant, Matthew Tussey, whose address is also the same as above.

### B. Jurisdiction

(1) This cause of action is brought pursuant to Bivens V. Six Unknown Named agents of Fed Bureau of Narcotics, 403 U.S. 388 (1971)

### C. Nature of the case

Briefly state the background of case

I was handcuffed behind back taken to a holding cell in (SHU) special Housing unit, with leg shackles, and severely assaulted by Lt. Matthew Tussey who has a reputation of doing this to inmates. Sence Christmas of 2016, it has been me, Inmate Michael Stanton from TN, and Tylor Miller from UT, and Joshua Hill from GA that has been severely assaulted by Tussey while other officers help and preticipate. I've learned sence the initial filing of this complaint ~~28USC~~ that from the Gov't reply in case # 2:17-CV-00381 28 USC § 2241 that other officer did help hold me down or preticipate or didnot try to stop any unlawful actions during the beating that I substained the night of 12/26/2016.

pg 01 of 07

That the following officers did in fact preticipate in the Action by directly beating or helping physicaly or by standing by and allowing such to go on as A FBOP officer is a Federal law enforcement officer and does have the lawfull power to of made a arrest or to assist in making one or in the stopping of or prevention of a federal crime upon federal prison property.

The following officer I do add to the complaint and They are:
(1.) C. Zipperle, senior officer
(2.) A. Wible, senior officer
(3.) D. Porter, senior officer
(4.) N. Martin, senior officer
(5.) R. Mosley, LT.
(6.) A. Schoeffel, senior officer

All of which preticipated in helping Matthew Tussey or stood by and aloud This Assault to happen and take place upon my body.

I do motion this court in accordance with 28 USC § 1915 A, Add the above to the record and that this Amended complaint be excepted by this court pursuant to order dated 12/06/17 by The honorable William T. Lawrence.

This petititioner does Also Amend to complaint the fact that he is sueing for one hundred Thousand dollars for the mental angush and the physical pain and abuse and the fracture of Lf ankle, and 2.05 inch cut to his head and the head a face beating that he substained to his body.

page 02 of 07

## D. Cause of Action

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations:

<u>Claim I</u> That Lt. Matthew Tussey beat me and tried to break my back and break my ankles. He only succeeded in the fracturing of the left ankle on the night of December 26, 2016 at USP Terre Haute and other officers either participated or stood and watch ongoing abuse while I was set on face smashed into concrete floor in a pool of my own blood, and no officer tried to stop this abuse.

It is manitory FBOP regulations that when a inmate is taken to or from special housing unit that such inmate be handcuffed behind back until secured in a holding cell or regular cell and then thru the wicket (tray slot) the restraints be removed. The camera's will show that I was taken to SHU with both legs shackled and hands cuffed behind my back on the night of Dec 26/2016 (see oridiginal complaint) the alligation of me trying to kick this Tussey are false. Anyone know that if lunging forward while handcuffed behind back a person will fall forward and that a inmate cannot attempt to kick or kick with leg shackles as these restrains the movement of the legs and the distance that they can be moved. For what reason was this Lt. Matthew Tussey doing in the holding cell with me anyway when he should of been locking me in the cell and then removing the handcuffs and restraints from my legs.

A person handcuffed behind his back once on the floor on his stomache or on his back can not get up with help. Sence I was already in restraints and nothing in any reports states that any restraints

pg 03 of 07

was removed or even attempted to be removed. Then explain how a double time restraints was being placed on me as these other six officers preticipated in the beating stated that they held me down while restraints was being put on me. Camera footage of me being taking to SHU and entering SHU shows I already was hand cuffed behind back with leg shackles on my legs. The loss of this vidio survailence is an admission of guilt pretty much (Fox guarding the hen house) The prison is equipted with fully correctly working security cameras from Lt. office to SHU, and also in SHU. Just not in the holding cell that this Tussey or No ther officer should of been in cell with me, unless a search was to be done to my body and this was done prior in holding cell at Lt. office before restraints was put on me. My opinion, this was a planned out thing by Tussey because he would not allow me to put my shoes back on after he put the ~~feather~~ ER restraint on my ankles, and cuffs on me behind my back. see Medical reports and all other information in original complaint.

On 12/26/16 I was only given a short time to eat my meal, so I said something to a officer about it. He radioed Lt. Tussey and I was taken to Lt. office and from there taken to special housing unit (SHU) to a holding cell upstairs and beaten very badly (see camera footage of 12/26/16, 6:00pm - 7:00pm)

<u>Supporting facts</u> on 12/26/16 approx 6:00pm-6:30pm I was agressively taken as cameras will show by Lt. Tussey to the special Housing unit and was taken to a holding cell with out security camera's and beaten severely. Which in fact the normal holding cell used is

pgr 04 of 07

down stairs Next To The main control office of the SHU which was empty and not used. Tussey only uses the cell that he took me to when he beats some one up. While in this cell upstairs I was severely beaten up by Lt. Tussey, while These other six officers preticipated in or stood by and watched the beating take place. It did not take six officers to hold me down and To put restraints on me as they stated in Memorandums eexpecially when I already was in restraints. I got minor head injuries 15 stitches above Lt. eye 2.05 inch cut. Fractured Left Ankle Two Black eyes. Camera's show I was hand cuffed behind back, legs shackled when into this holding cell. When came out, had To be Taken to E.R. at Union Hospital. BOP policy For security reasons restraints is not to be removed from a inmate unless secured in a cell, then it's done Thru wicket door in door of cell, (Tray slot) No where in any report or FBOP Memorandum does it say that the restraints was removed or That They was Taken off of me before the beating Took place.

claim II:

Lt. Tussey claims that I attempted to assault him by trying to kick him, and jumping on his back. (He would of been better off of making up a lie that he Nelt down To take the leg shackles off of my legs instead of stating he bent down to get my eye glasses). That after shoving me into the wall face first and grabbing my arm spinning me around and using his open palm and slapping them off my face then punching me with fist until I fell to the ground/floor and from there he was on my back setting on the back of my head. It is impossible to jump on a persons back without loosing balence and falling to floor. A person in hand cuffs behind his back

pg 05 of 07

can not get back up. So with this said, for sake of Argument why the head injuries, 15 stitches 2.05 cut above Lt eye, fractured Lt Ankle. See Attached med records.

LT. Tussey said not a thing in incident report about me out of restraints or trying to strike with fist or hand only memo by officer A. Schoeffel of after the fact put restraints on me. Camera's show different. Lt. Tussey say he placed me on the floor, explain, black eyes, battered face/head, stitches and fractured Ankle

E. Previouse Lawsuits and Administrative relief

(1.) All questions N/A A-F

(2.) I previously have sought informal & Formal relief from the appropriate administrative officials regarding the acts complained of in Part D (yes)

If my Answer is "Yes," briefly describe how relief was sought and the result.

At institutional level, Denied because it was not signed and untimely, but previously I sent Sensitive Administrative remedy to regional office and to central office and No responce and these was signed and Timely. So deliberate indifference is at play or my mail out going is being tampered with. See Attatched

(3) I have exhausted available administrative remdies (Yes)

I did not get a responce from any other level then the region & cantial office. My out going mail was tampered with I've sent several things out to courts and to others that was never recieved.

pg-06 of 07

F. Previously dismissed Actions or appeals

(a.) Parties To previouse lawsuit
   plaintiff(s): N/A not sure
   Defendant(s): N/A not sure

(b.) Name & location of court and docket Number ( Not sure )
(c.) grounds for dismissal: Not sure
(d.) Approximate date of filing lawsuit: Not sure
(e.) Approximate date of disposition: Not sure

G. Request For relief

I request The following relief:

One hundred Thousand dollars for Mental & physical angush and abuse while I was beat up by This Lt. Matthew Tussey and the six Amended Names of officers that preticipated in the beating or stood by and aloud it to happen as a officer of the Federal law violates the oath that he Took To uphold and To perform his duties of his job. For security cameras to be put in all blind spots and holding cells and for inmates To be given the aloted 20 minutes to eat their meals from the time he sats down To eat.

Declaration under Penalty of Perjury   _Elisha Rippleman_
The undersigned declares under        Prisioner Original signature
penalty of perjury that he/she is the plaintiff in the above action, That he/she has read
the above complaint and that the information contained in the complaint is True & correct
Executed at USP Lewisburg   signature date   prisoners original signature _Elisha R___
12/26/17                    pg 07 of 07



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

Office of the Regional Counsel

400 State Avenue
Tower II, Suite 800
Kansas City, KS 66101

March 29, 2017

Elisha Riggleman
Reg. No. 07411-088
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

Re: Information Request No. 2017-03626

Dear Requester:

This acknowledges our receipt of your request for expedited processing dated March 17, 2017, regarding the request referenced above. Specifically, you requested a copy of all document regarding incident report #2932792 and all reports done by SIS concerning the investigation of Lt. Tussey.

You request expedited processing of your information request. The Department of Justice requires all requests for records be processed on a first-in, first-out basis. The four exceptions to this requirement are: "(i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (ii) An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information; (iii) The loss of substantial due process rights; or (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e). It does not appear that your request falls within one of these categories. Therefore, your request will be processed in the order in which it was received. Furthermore, you did not provide any supporting documentation to substantiate your request for expedited processing.

We have examined your request and have determined that the documents responsive to your request must be searched for and collected from a field office. As a result, the amount of time necessary to respond to your request will increase. Once responsive documents have been collected from the field, we will process your

1

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 3, 2017

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : ELISHA RIGGLEMAN, 07411-088
      TERRE HAUTE USP    UNT: A/F    QTR: Z03-152LAD
      4700 BUREAU ROAD SOUTH
      TERRE HAUTE, IN 47802

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 891335-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED   : MAY 1, 2017
SUBJECT 1       : ASSAULT BY STAFF
SUBJECT 2       :
INCIDENT RPT NO :

REJECT REASON 1: DUE TO YOUR ALLEGATIONS, YOUR APPEAL IS BEING FORWARDED TO
                 ANOTHER DEPARTMENT FOR REVIEW; HWOEVER, YOUR APPEAL WAS
                 RETAINED IN ACCORDANCE WITH POLICY.

REJECT REASON 2: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

REMARKS         : REPETITIVE OF REMEDY 887950-A1. CORRECT ERRORS NOTED
                  ON INSTITUTIONAL REJECTION AND RESUBMIT AT THAT
                  LEVEL.

*I never did recieve return reciept of 887950-A1* [handwritten]

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 28, 2017

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : ELISHA RIGGLEMAN, 07411-088
      TERRE HAUTE USP     UNT: A/F     QTR: Z03-150LAD
      4700 BUREAU ROAD SOUTH
      TERRE HAUTE, IN 47802


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID        : 896502-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED    : MARCH 21, 2017
SUBJECT 1        : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2        : ASSAULT BY STAFF
INCIDENT RPT NO:

REJECT REASON 1: DUE TO YOUR ALLEGATIONS, YOUR APPEAL IS BEING FORWARDED TO
                 ANOTHER DEPARTMENT FOR REVIEW; HWOEVER, YOUR APPEAL WAS
                 RETAINED IN ACCORDANCE WITH POLICY.

REJECT REASON 2: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL. YOU SHOULD HAVE FILED AT THE
                 INSTITUTION, REGIONAL OFFICE, OR CENTRAL
                 OFFICE LEVEL.

REJECT REASON 3: SEE REMARKS.

REMARKS         : DHO APPEALS MUST BE FILED AT THE REGIONAL LEVEL
                  FIRST.

*[handwritten note]: DHO APPEAL ALLEGES SAME MISCONDUCT IN 88795-A1 OR REFERRAL COMPLETED ALREADY.*

continued from BP-11 To central office

Why does The holding cells such as MR4 in SHU and in Lt. office not have security cameras in them. This is a security issue for safty/security of staff & inmates. Most of all if a inmate is handcuffed behind his back, and leg restraints on, how can a inmate physically harm himself or anyone unless released from restraints. Nothing in reports states that I was released or slipped out of restraints. So after attempting to pull away from officer on the way to SHU. With This it would be a security risk to remove any restraints without being secured in cell and by way of wicket for removal of Them. No removel was mentioned in any report. So it's clear That I was still hand cuffed behind my back and legs restrained when excessive force was used. It is mandated That upon arrival or while being to and from or anywhere in SHU that a inmate be secured in restraints. For sake of Argument, Even if inmate Elisha Riggleman #07411-088 would have attempted to of assaulted Lt. Tussey. With restraints on hands cuffed behind back and shackles on legs. Not even minor harm could of been committed unless restraints was removed somehow. There was No Mention of any restraints being removed by "Lt. Matthew Tussey" or officer A. Schoeffel until after The fact of the exsessive use of frorce and bruetality of this officers was used. It is so simply To subdue and restrain a inmate who is handcuffed behind his back with also leg restraints on his legs. Again Please explain The Two Black eyes, head injurys, 15 stitches above left eye, and broken Left ankle see medical records dated 12/26/16 from Union Hospital at Terre Haute Hospital E.R. IF you do not have a copy Then I'm sure That you can obtain a copy from U.S. District court in future. With questioned Asked and point being made, Please explain how I Elisha Riggleman sustained such medical injuries while in restraints.

Respectfully submitted,
Elisha Riggleman #07411-088
Date 08/14/17

[margin note, sideways:] For safty: Tussey & Schoeffel need to be discharged and These officers be dismissed. We need officers and cops in Thing and not Dirty ones.

| BP-A0304 JAN 17 | DISCIPLINE HEARING OFFICER REPORT | |
|---|---|---|
| U.S. DEPARTMENT OF JUSTICE | | FEDERAL BUREAU PRISONS |
| Name of Inmate: RIGGLEMAN, Elisha | Reg. No.: 07411-088 | Hearing Date: 01-26-2017 |

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):
You were advised of your rights before the Discipline Hearing Officer and stated that you understood those rights. You requested a staff representative at UDC. You elected to waive you right to a staff representative at the DHO hearing. You did not request witnesses and presented no documentary evidence on your behalf.

Administrative notice is given to there being a delay in the investigation and UDC of this incident Report. Specifically the incident report process was suspended pending referral of an inmate criminal matter for investigation on December 26, 2016, and released for administrative processing on January 6, 2017. Inmate Riggleman did not provide any evidence that this delay hindered his ability to provide a defense.

The DHO finds that on December 26, 2016, you committed the prohibited act of Attempted Assault without Serious Injury, Code 224A.

The DHO considered the Incident Report which the reporting officer states, "While in the holding cell in the special housing unit I bent down to pick up the inmates eye glasses that had fallen on the ground. Inmate Riggleman then attempted to kick me, and attempted to jump on top of my back. Inmate Riggleman was then placed on the floor to regain control of him. Once on the floor inmate Riggleman continued to resist, and was non compliant. Due to inmate Riggleman's continued disruptive behavior, and continuing to be combative he was placed into hard ambulatory restraints. Several times during this incident inmate Riggleman made threats to staff. Specifically inmate Riggleman stated that he was going to send members of a biker gang to my house to take care of me."

The DHO considered staff memorandum from Officer A. Schoeffel stating, "On December 26, 2016, at approximately 6:03pm, I was escorting inmate Riggleman, Elisha #07411-088 to the Special Housing Unit when he attempted to pull away from me by grill #2 in the Green Corridor while calling another staff member a "Fat piece of shit." I continued to attempt to escort him to the SHU. Lt. Tussey witnessed inmate Riggleman attempting to pull away and responded to assist me in escorting him to the SHU. Once in the Special Housing Unit, inmate Riggleman was placed in MR 4. When in the MR 4 Lt. Tussey entered the cell to take inmate Riggleman's glasses, which had fallen on the floor. Inmate Riggleman then told Lt. Tussey, "I'll see you when I get out." When Lt. Tussey bent over to get the glasses, inmate Riggleman kicked at his hand and then attempted to get on top of him. At that time I assisted Lt. Tussey in placing inmate Riggleman on the floor and placing him in restraints. After inmate Riggleman began complying with directives, I assisted in securing him while he was visually searched. After the search, inmate Riggleman was placed in paper clothes and ambulatory restraints. I received no injuries during this action."

The DHO considered your statement to the investigating Lieutenant stating, "I didn't try fighting anyone they assaulted me, they used excessive force."

The DHO considered your statement to the UDC stating, "I was on video from the CO's office to SHU. I was handcuffed and shackled the whole time. How did I get hurt so bad?"

The DHO considered your statement to the DHO stating, "I didn't make a threat, try to kick, or jump on anyone's back."

INMATE COPY  2

TransRadRpt                                                                 Page 1 of 9

U SPT ERR EHAUT E

O7411-088

User: Michele Tramell        Date: 12/27/2016 4:32:36 PM    Union
CONFIDENTIAL

| Location | Patient Name | Admit Date | Acct# | MRN | Sex | DOB | Height | Weight |
|---|---|---|---|---|---|---|---|---|
| - | RIGGLEMAN, ELISHA | 12/26/2016 | 35599901 | 458049 | M | 08/27/1970 | | |

# UNION HOSPITAL
Patient Data

**Complaint:** HEAD INJURY
**Triage Time:** Mon Dec 26, 2016 20:29 LAS2
**Urgency:** 2
**Bed:** TRAUMA _PEDS
**Initial Vital Signs:** 12/26/2016 20:25. (20:25 LAS2)
   **BP:** 152/82
   **P:** 93
   **O2 sat:** Sat 96 on ra

**ED Attending:** Not Specified
**Primary RN:** Lori Szalay, RN. (

**R:** 23
**T:** 98.2
**Pain:** 10

Back to Index

**PRESENTING PROBLEM** (Mon Dec 26, 2016 20:29 LAS2)
Presenting problems: Laceration.

**HPI HEAD INJURY**
TIME: Time the patient first had direct contact with
the     physician/NP/PA in the emergency department: 2033.
History of Present Illness: 46 year old male presents to ED from
   prison with head injury just pta. Pt reports he was beat up by
   officers after mouthing off. Per officers, pt was resisting and fell
   hitting his head on a grate. Pt c/o pain in back, head, ankles, and
   pain in sternum with breathing. Denies LOC, n/v, neck pain, SOB.
NURSING ASSESSMENT: Nursing Assessment Reviewed.
CHIEF COMPLAINT: Patient presents for evaluation of head injury.
HISTORIAN: History provided by patient, prison guards.
MECHANISM OF INJURY: Mechanism of injury fall.
LOCATION: Symptoms are localized, most severe in the frontal   region.
QUALITY: Unable to describe the quality of the pain.
SEVERITY: Current severity of pain rated as 10/10.
TIME COURSE: Sudden onset of symptoms, There has been no
change    in the patient's symptoms over time.
LACERATION-MULTIPLE REPAIRS (21:37 KRFO)
TIME OUT: Procedure performed at 2130. Prior to
procedure,   correct patient's identity verified by, Correct procedure verified,
   Correct site verified, Correct placement verified, Correct equipment
   utilized, Sterile procedures observed., Patient prepped and draped in

15 stitches

   usual sterile fashion., Procedure performed by Attending.
LACERATION REPAIR: Side and/or site verified,
Patient      identification confirmed, Sterile procedures observed, Verbal consent
   obtained, No contamination, no bony deformity, no tendon involvement,
   Capillary refill less than 2 seconds, Local infiltration with, 1%
   LIDOCAINE with epinephrine, 3 mLs, Intermediate repair of laceration
   to the face, above L eyebrow, total length 3.0 cm, Skin layer closed
   using 4.0, vicryl suture, 5 sutures, interrupted, Subcutaneous fascia
   closed using 5.0, vicryl rapide suture, greater than 10 sutures,

http://172.17.24.65/HEP/ERRpt.aspx?Action=SclERRpt&order_id=201612262029&acct...   12/27/2016

FINAL: PRIMARY: facial laceration, ADDITIONAL: back contusion,Head injury, no LOC, left fibula fracture.

MEDICATION ADMINISTRATION SUMMARY

| Drug Name | Dose Ordered | Route | Status | Time |
|---|---|---|---|---|
| *Tenivac (PF) | 0.5 mL | IM | Given | 21:23 12/26/2016 |
| *ondansetron HCl (PF) | 4 mg | IVP | Given | 21:25 12/26/2016 |
| *morphine injection | 4 mg | IVP | Given | 21:25 12/26/2016 |

*Additional information available in notes, Detailed record available in Medication Service section.

ORDERS
ANKLE ROUTINE: Ordered for: Saadatmand, MD, Babak
    Status: Active. (20:40 BABA)
CT CERVICAL SPINE W/O CONTR.: Ordered for: Saadatmand, MD, Babak
    Status: Active. (20:40 BABA)
CT CHEST W/O CONTRAST: Ordered for: Saadatmand, MD, Babak
    Status: Active. (20:40 BABA)
CT HEAD W/O CONTRAST: Ordered for: Saadatmand, MD, Babak
    Status: Active. (20:40 BABA)
Psych/Social Crisis: Ordered for: Saadatmand, MD, Babak
    Status: Active. (20:40 LAS2)
Saline Lock: Ordered for: Saadatmand, MD, Babak
    Status: Done by: Chervenko, EMTP, Michael - Mon Dec 26, 2016 21:22.
CONTINUOUS PULSE OXIMETRY: Ordered for: Saadatmand, MD, Babak
    Status: Active. (20:48 LAS2)
SUBQ OR IM INJECTION: Ordered for: Saadatmand, MD, Babak
    Status: Active. (21:23 LAS2)
INTERMEDIATE REPAIR FACE 2.6-5CM: Ordered for: Saadatmand, MD,
    Status: Active. (21:27 KRPO)
CAM BOOT: Ordered for: Saadatmand, MD, Babak
    Status: Done by: Szalay, RN, Lori - Mon Dec 26, 2016 22:00. (21:45
IMMOBILIZERS - S - CAM BOOT: Ordered for: Saadatmand, MD, Babak
    Status: Sent by: Szalay, RN, Lori - Mon Dec 26, 2016 22:01. (22:01
LACERATION - S - DISPOSABLE SUTURE PACK: Ordered for:
    Status: Sent by: Szalay, RN, Lori - Mon Dec 26, 2016 22:01. (22:01
LACERATION - S - SUTURE MATERIALS PACKETS: Ordered for:
    Status: Sent by: Szalay, RN, Lori   Mon Dec 26, 2016 22:01

DOCTOR NOTES
No reports are available.

VITAL SIGNS
BP: 152/82, Pulse: 93, Resp: 23, Temp: 98.2, Pain:10, O2 sat: 96 on ra, Time: 12/26/2016 20:25. (20:25 LAS2)
BP: 143/119, Pulse: -103-, Resp: -20-, Pain: 10, O2 sat: -100- on ra,Time: 12/26/2016 20:46. (20:46 LAS2)
BP: 128/84, Pulse: -99-, Resp: -22-, Pain: 10, O2 sat: -95- on ra, Time:12/26/2016 21:01. (21:01 LAS2)
BP: 137/81, Pulse: 98-, Resp: -20-, Pain: 10, O2 sat: -98- on ra, Time:12/26/2016 21:16. (21:16 LAS2)
BP: 131/80, Pulse: 89, Resp: 19, O2 sat: 98 on ra, Time: 12/26/201622:02. (22:02 LAS2)

DISPOSITION
PATIENT: Disposition Type: Other, Disposition: Jail/Prison,    Condition: Good. (21:44 BABA)
    Patient left the department. (22:03 LAS2)
NOTES: Pt is medically cleared for prison and fit for    confinement, norco as needed. (21:44 BABA)

RESULTS
RADIOLOGY:
PATIENT: RIGGLEMAN, ELISHA
HOSPITAL: 35599901-E
MR #: 458049
ROOM#:
DOB: 08/27/1970
AGE: 46Y
SEX: M

```
Signed by Atul K Gupta
** FINAL **

Read by: ATUL GUPTA Dec 26 2016 9:17P

Signed by: DR. ATUL GUPTA on: Dec 26 2016 9:16P
9351909PATIENT: RIGGLEMAN, ELISHA
HOSPITAL: 35599901-E
MR #: 458049
ROOM#:
DOB: 03/27/1970
AGE: 46Y
SEX: M
RACE: X
ADM DR: E/R MD,
ADM DATE: Dec 26 2016 8:21PM
DIS DATE:
HOSP SERV: E/R
DICTATING DOCTOR: GUPTA, ATUL
ORDERING DOCTOR: SAADATMAND BABAK
REFERRING DOCTOR:
CC: KOO, I GEORGE
CPT4 for Procedure: 72125 CT CERVICAL SPINE W/


REASON FOR EXAM: HEAD INJURY


ATUL GUPTA - 12/26/2016 9:10PM

Comments: TRAUMA _PEDS -

RMS#: 90004 ACCESSION #: 9351910 INV: 52534933

PROCEDURE: 3020 CT CERVICAL SPINE W/O CONTRAST 12/26/2016 9:10PM

INDICATIONS: \E\

Generalized neck pain post trauma.

TECHNIQUE: CT of the cervical spine was performed without intravenous or
intrathecal contrast. Sagittal and coronal reconstructions were
generated.

Automated mA/kV exposure control was utilized and patient examination was
performed in strict accordance with principles of ALARA.

RADIATION AMOUNT: 606.75 mGy cm.

COMPARISON: None available.

FINDINGS:
The alignment is anatomic. There is no fracture or traumatic
subluxation.
```

TECHNIQUE: CT of the chest was performed without contrast.

Automated mA/kV exposure control was utilized and patient examination was performed in strict accordance with principles of ALARA.

RADIATION AMOUNT: 784.01 mGy-cm.

COMPARISON: None Available.

FINDINGS:
The heart is normal in size without pericardial effusion. Thoracic lymph nodes are not enlarged.

Trachea and mainstem bronchi are patent and clear of debris. There is no pleural effusion or pneumothorax. Moderate paraseptal and centrilobular emphysema is seen in the bilateral lung apices. There is dependent atelectasis in the lower lobes bilaterally with slightly more pronounced airspace disease in the posterior basilar segment of the left lower lobe which may represent aspiration or early infectious process. There is a band of atelectasis in the lingular segment of the left upper lobe.

Upper abdomen demonstrates no acute pathology.

There are no acute fractures. No suspicious bony lesions. Chronic compression deformity is identified within the T4 vertebral body with loss of 50% of vertebral body height. There is a mild upper thoracic and mild lower thoracic kyphosis.

IMPRESSION:
Moderate biapical centrilobular emphysema with subtle airspace disease in the posterior basilar segment of the left lower lobe which may represent atelectasis, aspiration, or early infectious process.


Signed by Atul K Gupta
** FINAL **

Read by: ATUL GUPTA Dec 26 2016 9:20P

Signed by: DR. ATUL GUPTA on: Dec 26 2016 9:19P
9351911RIDCRIDCPATIENT: RIGGLEMAN, ELISHA
HOSPITAL: 35599901 E
MR #: 458049
ROOM#:
DOB: 08/27/1970
AGE: 46Y
SEX: M
RACE: X
ADM DR: E/R MD,
ADM DATE: Dec 26 2016 8:21PM
DIS DATE:
HOSP SERV: E/R
DICTATING DOCTOR: ARMFIELD, DEREK
ORDERING DOCTOR: SAADATMAND BABAK
REFERRING DOCTOR:

REASON FOR EXAM: HEAD INJURY

DEREK ARMFIELD - 12/26/2016 9:22PM

Comments: TRAUMA _PEDS -

RMS#: 90002 ACCESSION #: 9351908 INV: 92534900

PROCEDURE: 1019 LEFT ANKLE (ROUTINE) 12/26/2016 9:09PM

INDICATIONS: \E\

Lateral left ankle pain.

TECHNIQUE: Three views of the left ankle.

COMPARISON: None Available.

FINDINGS:
There is mild soft tissue swelling present. There is an oblique nondisplaced fracture of the distal fibula.

IMPRESSION:
Nondisplaced distal fibular fracture.

Signed by Derek Armfield, MD
** FINAL **

Read by: DEREK ARMFIELD Dec 26 2016 9:23P

Signed by: DR. DEREK ARMFIELD on: Dec 26 2016 9:22P
9351908RIDCRIDC

LABORATORY:
No reports are avaliable.

Back to Index