UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ELISHA RIGGLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00380-WTL-MJD |
| | ) | |
| MATTHEW TUSSEY, | ) | |
| C ZIPPERLE, | ) | |
| A WIBLE, | ) | |
| D PORTER, | ) | |
| A. SCHOEFFEL, | ) | |
| R MOSLEY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Interested Party. | ) | |

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Elisha Riggleman filed this action on August 7, 2017, contending that his constitutional rights were violated while he was incarcerated at the United States Penitentiary in Terre Haute, Indiana. Mr. Riggleman claims that the defendants used excessive force against him and failed to protect him from the excessive force of their fellow correctional officers. The defendants move for summary judgment, arguing that Mr. Riggleman failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit.

**Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.*, 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

## Discussion

A. *Facts*

The following statement of material facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to Mr. Riggleman as the non-moving party. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

At all times relevant to his complaint, Mr. Riggleman was confined at the United States Penitentiary in Terre Haute, Indiana. The Federal Bureau of Prisons ("BOP") operates an administrative remedy process. All administrative remedy requests filed by inmates are logged and tracked in the SENTRY computer database, which is an electronic record keeping system utilized by the BOP.

The BOP administrative remedy process consists of three steps. To initiate the process an inmate first submits a BP-9 form to the warden at his facility. These requests receive an F1 notation in the SENTRY database. If he is dissatisfied with the response, the inmate can submit an appeal on a BP-10 form to the regional office. This level of appeal receives an R1 notation in the SENTRY database. Finally, the inmate can file a BP-11 with the central office. This final appeal receives an A1 notation in the SENTRY database.

On June 20, 2018, the Bureau of Prisons ran a full SENTRY report of Mr. Riggleman's administrative remedy requests from December 26, 2016, the date of the alleged incident, through August 7, 2017, the date Mr. Riggleman's complaint was filed.

According to the SENTRY report, the first form filed by Mr. Riggleman after the alleged incident was a BP-10 on January 6, 2017. That form received the remedy number 887950-R1. The form was rejected because Mr. Riggleman had not first filed a BP-9 with the warden of his facility. Mr. Riggleman next filed a BP-9 at his facility on February 8, 2017, remedy number 891335-F1, but it was denied because it was unsigned and untimely.

On February 21, 2017, Mr. Riggleman filed a BP-11 form with the central office appealing remedy number 887950-R1. This form was assigned number 887950-A1. It was rejected for the same reason 887950-R1 had been rejected by the regional office—Mr. Riggleman had not started the process with an BP-9 form at his facility.

On March 21, 2017, Mr. Riggleman filed another BP-11 form with the central office which received the remedy number 896502-A1. The SENTRY report does not reflect that any BP-9 or BP-10 was filed with the remedy number 896502. The abstract of this remedy states that it is related to remedy number 887950-A1. It was therefore rejected because it had been filed at the wrong level.

On March 29, 2017, Mr. Riggleman filed a BP-10 appealing remedy number 891335-F1. This appeal was given the number 891335-R1. It was rejected because remedy number 891335-F1 had been rejected and Mr. Riggleman had not corrected the errors causing its rejection. Finally, Mr. Riggleman filed a BP-11 to the central office which was given the remedy number 891335-A1. The remarks note that this remedy is repetitive of 887950-A1. This remedy was also rejected for the same reasons it had been rejected by the regional office and by the facility—it was unsigned and untimely. Mr. Riggleman filed three additional remedy forms before filing this suit, but those submissions did not relate to the subject of his complaint in this case.

Mr. Riggleman asserts that he exhausted his remedies by filing a form at each of the three levels and that the rejections of these forms are proof that he has exhausted the administrative remedy process. Mr. Riggleman states that he gets the run around from prison officials who continue to tell him that he has filed his grievances at the wrong level. He also states that "grievance procedures at the prison level [are] ignored or left unanswered." Dkt. No. 138, p. 2.

B. *Exhaustion*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must

properly follow the prescribed administrative procedures to exhaust his remedies. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001).

    C. *Discussion*

The SENTRY report demonstrates that Mr. Riggleman never filed an acceptable BP-9 form regarding the allegations contained in his complaint. He first attempted to file a BP-10 which was rejected because he had skipped the first step. It appears that when he attempted to file a BP-9 on February 8, 2017, it was rejected because Mr. Riggleman failed to sign it and because it was untimely. Although Mr. Riggleman appealed this rejection to both the regional and central offices, those appeals did not exhaust his administrative remedies because he had still never properly filed a BP-9. Instead of appealing the rejected forms, he should have started the process with a BP-9 form or immediately filed a signed BP-9 when he received the rejection of his first appeal to the regional office.

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). The defendants' records reflect that Mr. Riggleman did not comply with the requirements of the grievance process to exhaust his administrative remedies for the allegations contained in his complaint. Mr. Riggleman's general assertion that he exhausted his administrative remedies and that grievances are ignored at the facility-level are inadequate to create a dispute of material fact. Such "conclusory allegations devoid of factual support do not preclude summary judgment." *Gessert v. United States*, 703 F.3d 1028, 1035 (7th Cir. 2013); *Vukadinovich*, 278 F.3d at 699 ("definite, competent evidence" is required to successfully oppose summary judgment).

Furthermore, his allegations fail to demonstrate that the administrative remedy process was unavailable. An administrative remedy is unavailable when "it operates as a simple dead end," when it "might be so opaque that it becomes, practically speaking, incapable of use" or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1860, 195 L. Ed. 2d 117 (2016). Here, Mr. Riggleman simply failed to complete the first step of the grievance process within the time allowed by the BOP administrative remedy process.

It is therefore undisputed that Mr. Riggleman failed to exhaust his available administrative remedies as required by the PLRA before filing this lawsuit.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Riggleman's action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## Conclusion

The defendants' motion for summary judgment, Dkt. No. 135 is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/15/18

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

ELISHA RIGGLEMAN
07411-088
LEWISBURG U.S. PENITENTIARY
Special Mail-Open Only in the Presence of the Inmate
P.O. BOX 1000
LEWISBURG, PA 17837

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov